UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| KAYSHA RODRIGUEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: |
| | ) |
| FIRST COMMUNITIES MANAGEMENT, INCORPORATED, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, Kaysha Rodriguez ("Plaintiff" or "Rodriguez"), by and through the undersigned counsel and files her Complaint and Demand for Jury Trial against Defendant, First Communities Management, Incorporated, ("Defendant" or "First Communities") and in support, she states the following:

**NATURE OF THE CASE**

1. This is an action for monetary damages pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq*. ("ADA"), the Family and Medical Leave Act of 1996, 29 U.S.C. §§ 2601 *et seq*. ("FMLA"), and the Florida Civil Rights Act of 1992, Fla. Stat. §§ 760.01 *et seq*. ("FCRA"), to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful pattern and practice of discrimination against

1

Plaintiff due to her disabilities and request for medical leave and retaliation for Plaintiff's request for reasonable medical accommodation leading to her unlawful termination.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the ADA and the FMLA.

3. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. §1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

5. Plaintiff Rodriguez is a citizen of the United States, and is and was at all times material, a resident of the State of Florida, residing in Hillsborough County.

6. Defendant First Communities is a foreign for-profit corporation with its principal place of business in Atlanta, Georgia.

7. Defendant does business in this judicial district, and Plaintiff worked for Defendant at its 6909 Indian River Drive, Tampa, FL 33617 location.

8. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all statutory prerequisites to filing this action.

10. On June 16, 2020, Plaintiff dual-filed a claim with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission ("EEOC") against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e), based on disability and retaliation.

11. Plaintiff's EEOC charge was filed within three hundred (300) days after the unlawful employment practices occurred.

12. On February 17, 2021, the EEOC issued to Plaintiff a Notice of Right to Sue, Upon Request.

13. This complaint was filed within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## FACTUAL ALLEGATIONS

14. Plaintiff is a disabled female.

15. Plaintiff worked for Defendant as the Property Manager for its Rivertree Landing Apartments facility in Tampa, Florida.

16. Plaintiff worked for Meadow Wood Property Company at Rivertree Landing Apartments for approximately two (2) years.

17. In November 2019, Defendant acquired all Meadow Wood Property Company employees working at the Rivertree Landing Apartments, including Plaintiff.

18. At all times relevant to this action, Plaintiff was a qualified individual with a disability and/or handicap within the meaning of the ADA and FCRA. Plaintiff has an actual disability and/or handicap, has a record of being disabled and/or handicapped, and/or is perceived as being disabled and/or handicapped by Defendant.

19. At all times material, Plaintiff was able to perform the essential functions of her job with or without reasonable accommodations.

20. In March 2020, Plaintiff experienced a medical emergency and was transported to Florida Hospital Tampa by ambulance for treatment.

21. While hospitalized, Plaintiff was diagnosed with Anxiety and Depression.

22. Plaintiff's disabilities and/or handicaps impact her major life activities including but not limited to sleeping and concentrating.

23. Plaintiff subsequently sought treatment at Gracepoint Center. Once Plaintiff was released from treatment, she saw her primary care physician, who ordered Plaintiff to stay out from work for two weeks.

24. Plaintiff emailed a copy of the doctor's note to Perry Edmond, Human Resources, and Shannon Rico, Regional Vice President, and requested medical leave.

25. As Defendant was Meadow Wood Property Company's successor in interest, Plaintiff remained entitled to FMLA leave.

26. At all times relevant Plaintiff was a covered "employee" as defined by the FMLA because she worked at Rivertree Landing Apartments for more than 12 months preceding the leave, had more than 1,250 hours of service during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles.

27. However, Defendant interfered with Plaintiff's lawful use of FMLA by failing to classify Plaintiff's leave as FMLA.

28. On or about April 8, 2020, Mr. Edmond contacted Plaintiff and informed her that Defendant required a doctor's note from Plaintiff's treating physician at Gracepoint Center, releasing Plaintiff to return to work.

29. Plaintiff subsequently had an appointment with her doctor from Gracepoint Center wherein her doctor released Plaintiff to return to work on April 13, 2020, with restrictions.

30. The restrictions outlined that Plaintiff could not work more than ten hours per week in her first two weeks of work.

31. Plaintiff emailed a copy of the doctor's note and work restrictions to Mr. Edmond and Ms. Rico and made a reasonable request for accommodation regarding her work hours.

32. Mr. Edmond responded, instructing Plaintiff to return to work on April 13, 2020, and he would reach out to her Monday morning.

33. Defendant did not engage in the interactive process with Plaintiff as is required by law.

34. Plaintiff returned to work as scheduled on April 13, 2020.

35. Shortly after Plaintiff arrived, Ms. Rico directed Plaintiff to clock in and take a seat.

36. Mr. Edmond then called Plaintiff wherein Defendant terminated Plaintiff's employment under pretext.

37. Plaintiff has been damaged by Defendant's unlawful conduct.

38. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## Count I:  Disability Discrimination in Violation of the ADA

39. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-38 above.

40. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

41. Plaintiff has actual disabilities, has a record of being disabled, and/or is perceived as being disabled by Defendant.

42. Defendant is prohibited under the ADA from discriminating against Plaintiff because of Plaintiff's disabilities with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

43. Defendant violated the ADA by terminating her and discriminating against Plaintiff based on her disabilities.

44. Defendant intentionally discriminated against Plaintiff based on her disabilities.

45. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress for which Plaintiff is entitled to an award of monetary damages and other relief.

## Count II: Failure to Accommodate in Violation of the ADA

46. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-38 above.

47. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

48. Defendant was aware of Plaintiff's disabilities.

49. Defendant failed to accommodate Plaintiff's disabilities.

50. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

51. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

52. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## Count III: Retaliation in Violation of the ADA

53. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-38 above.

54. Defendant intentionally retaliated against Plaintiff for engaging in protected activity when he requested a brief medical leave due to her disabilities by unlawfully terminating her employment.

55. Defendant's conduct violates the ADA.

56. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

57. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

58. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling her to punitive damages.

### **Count IV: Interference in Violation of the FMLA**

59. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-38 above.

60. Plaintiff is a covered "employee" as defined by the FMLA because she worked for Defendant for more than 12 months preceding the leave, had more than 1,250 hours of service during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles.

61. At all times relevant to the case, Defendant is and was a covered "employer" under the FMLA because it has more than 50 employees employed at

Plaintiff's work location in 20 or more workweeks in the calendar year preceding the leave request.

62. Plaintiff exercised, or attempted to exercise, her rights under the FMLA.

63. Defendant interfered with Plaintiff's lawful exercise of her FMLA rights.

64. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

65. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which she is entitled to legal relief.

## Count V: Retaliation in Violation of the FMLA

66. Plaintiff re-alleges and adopts, as fully set forth herein, the allegations stated in paragraphs 1-38 above.

67. Plaintiff is a covered "employee" as defined by the FMLA because she worked for Defendant for more than 12 months preceding the leave, had more than 1,250 hours of service during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles.

68. At all times relevant to the case, Defendant is and was a covered "employer" under the FMLA because it has more than 50 employees

employed at Plaintiff's work location in 20 or more workweeks in the calendar year preceding the leave request.

69. Plaintiff exercised or attempted to exercise her rights under the FMLA.

70. Defendant retaliated against Plaintiff for exercising or attempting to exercise her FMLA rights.

71. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

72. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which Plaintiff is entitled to legal relief.

### Count VI: Handicap Based Discrimination in Violation of the FCRA

73. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-38 above.

74. Plaintiff was a qualified individual with handicaps under the meaning of the FCRA.

75. Defendant is prohibited under the FCRA from discriminating against Plaintiff because of her handicaps with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

76. Defendant violated the FCRA by terminating and discriminating against Plaintiff based on her handicaps.

77. Defendant intentionally discriminated against Plaintiff based on her handicaps.

78. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

79. Defendant's unlawful conduct in violation of the FCRA was outrageous, malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling her to an award of exemplary and or punitive damages.

### Count VII: Retaliation in Violation of the FCRA

80. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-38 above.

81. At all times relevant to this action, Plaintiff was a qualified employee with a handicaps under the FCRA.

82. Defendant intentionally retaliated against Plaintiff for engaging in protected activity.

83. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the FCRA, Plaintiff has suffered lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

84. Defendant's unlawful conduct in violation of the FCRA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in the amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b) Granting Plaintiff costs and an award of reasonable attorneys' fees (including expert witness fees); and

c) Award any other, and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

*/s/ Gary Martoccio*
Gary Martoccio
Florida Bar No. 099040
Spielberger Law Group
4890 W. Kennedy Blvd., Ste. 950
Tampa, Florida 33606
T: (800) 965-1570
F: (866) 580-7499
Gary.Martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*